UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHELTER INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | Case no. 3:14-CV-534 |
| ) | |
| JODY DWIGGINS, SANDRA DWIGGINS and ) | |
| KERRY W. LAHR, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SHELTER INSURANCE COMPANY ("Shelter"), by its undersigned attorney and pursuant to 28 U.S.C. § 2201, seeks declaratory judgment and other relief against Defendants, JODY DWIGGINS, SANDRA DWIGGINS and KERRY W. LAHR. In support of its Complaint, Shelter states as follows:

## NATURE OF THE ACTION

1. This Complaint requests the Court to issue a judgment pursuant to 28 U.S.C. § 2201, declaring that the policy of insurance issued by Shelter to Sandra Dwiggins does not require Shelter to defend or indemnify Jody Dwiggins in connection with an underlying lawsuit. This judgment is requested to determine an actual controversy between the parties regarding insurance coverage in connection with the claims asserted against Mr. Dwiggins in an action entitled *Kerry W. Lahr v. Holher Happel, Individually, Beer Barrel Pub, Inc., an Illinois Corporation and Jody Dwiggins, Individually*, Case No. 13-L-2022, pending in the Circuit Court of Madison County, Illinois (the "*Lahr* Lawsuit").

## THE PARTIES

2.     Shelter Insurance Company is a Missouri corporation with its principal place of business in Columbia, Missouri.  Shelter is engaged in the business of selling insurance, including in Illinois.

3.     Defendants Sandra and Jody Dwiggins are and were at all relevant times citizens of Illinois residing in Madison County, Illinois.

4.     Defendant Kerry W. Lahr is and was at all relevant times a citizen of Illinois residing in Macoupin County, Illinois.

5.     Defendant Kerry W. Lahr is the plaintiff in the *Lahr* Lawsuit.  He is named as a defendant to this action solely because he may be a necessary party to the insurance dispute between Shelter and the Dwiggins as a result of the *Lahr* Lawsuit.  Shelter seeks no relief from Mr. Lahr other than to bind him to the outcome of this coverage dispute.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this dispute under 28 U.S.C. §1332 in that it arises between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.  The value or object of this litigation involves the demand of the Dwiggins that Shelter provide both defense and indemnification for Mr. Dwiggins in the *Lahr* Lawsuit.  In addition to the costs of defense, the underlying lawsuit seeks more than $50,000 in compensatory damages and punitive damages.  The insurance policy at issue provides personal liability limits of $300,000.00.

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a

substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE UNDERLYING LAWSUIT

8. On December 3, 2013, Mr. Lahr initiated the *Lahr* Lawsuit by filing his Complaint against, *inter alia*, Mr. Dwiggins. The *Lahr* Complaint asserts two causes of action against Mr. Dwiggins: Negligence (Count V) and Intentional Tort (Count VI). (A copy of the *Lahr* Complaint is attached as **Exhibit A**).

9. The *Lahr* Complaint alleges that on or about March 31, 2013, Mr. Dwiggins "negligently made contact with" and "struck" Mr. Lahr at the Beer Barrel Pub in Godfrey, Illinois. (Exhibit A at Count V ¶ 4, Count VII ¶ 4).

10. Count V (Negligence) of the *Lahr* Complaint alleges that Mr. Dwiggins "failed to observe the plaintiff when the plaintiff was plainly visible and carelessly made contact with him." (Exhibit A at Count V ¶ 5). Mr. Lahr requests compensatory damages in excess of $50,000, plus costs of suit, for injuries he sustained in this incident.

11. Count VII (Intentional Tort) of the *Lahr* Complaint alleges that Mr. Dwiggins "without regard for the safety of the plaintiff, physically struck the plaintiff." (Exhibit A at Count VI ¶ 5). Mr. Lahr requests compensatory damages in excess of $50,000, plus costs of suit, for injuries he sustained in this incident.

## THE SHELTER POLICY ISSUED TO SANDRA DWIGGINS

12. Shelter issued Homeowners' Policy No. 12-71-004857734-0001 to Sandra J. Dwiggins for the period of April 28, 2012 to April 28, 2014 (the "Policy"). (A copy of the Policy is attached as **Exhibit B**).

13. Mr. Dwiggins is an insured on the Policy under the Policy's definitions of an "Insured" and a "Relative". (Exhibit B at Shelter pp. 4, 6).

14. The Policy provides personal liability coverage for "all sums that such

insured becomes legally obligated to pay as damages, if those damages result from an accident." (Exhibit B at Shelter p. 27).

15. The Policy defines "accident" to mean "an action or occurrence or a series of actions or occurrences, that (1) started abruptly, (2) during the policy period, and (3) directly resulted in bodily injury or property damage."  The Policy explicitly excludes from the definition of "accident" "an action or occurrence that any insured intended to result in bodily injury, or property damage, of any type" and "an action or occurrence that is intended by any insured, if a reasonable individual would expect it to result in bodily injury, or property damage, of any type." (Exhibit B at Shelter p. 2).

16. Coverage under the Policy is subject to the following exclusion for an intended injury:

*We do not cover:*

> 5. *Bodily injury or property damage that any insured intended to cause.*

(Exhibit B at Shelter p. 28) (the "Intended Injury Exclusion").

17. Coverage under the Policy is subject to the following exclusion for an expected injury:

*We do not cover:*

> 6. *Bodily injury or property damage that a reasonable individual would expect to result from the intentional acts of any insured.*

(Exhibit B at Shelter p. 28) (the "Expected Injury Exclusion").

18. Coverage under the Homeowners Policy is subject to the following exclusion for felonious activity:

*We do not cover:*

4

> 19. Bodily injury or property damage arising out of any activity of any insured that would constitute a felony under the laws of the state in which such activity occurred, whether or not such insured is actually charged with a crime for that activity.

(Exhibit B at Shelter p. 28) (the "Felony Exclusion").

## COUNT I
### There is No Coverage for Count V of the *Lahr* Lawsuit
### (Negligence)

19. Shelter repeats and realleges paragraphs 1 through 18 above as though fully repeated herein as paragraph 19.

20. Count V of the *Lahr* Complaint alleges that Mr. Dwiggins made physical contact with Mr. Lahr.

21. There is no coverage for Count V of the *Lahr* Complaint under the Policy for one or more of the following reasons:

    a. Coverage for any "bodily injury" alleged in Count V was not accidental and thus was not the result of an "accident," as required for coverage under the Policy;

    b. Coverage for any "bodily injury" alleged in Count V is excluded by the Intended Injury Exclusion contained in the Policy;

    c. Coverage for any "bodily injury" alleged in Count V is excluded by the Expected Injury Exclusion contained in the Policy; and

    d. Coverage for any "bodily injury" alleged in Count V is excluded by the Felony Exclusion contained in the Policy;

22. As there is no coverage for any of the claims asserted in Count V of the *Lahr* Lawsuit under the Policy, Shelter has no duty to defend or indemnify Mr. Dwiggins

for those claims.

## COUNT II
### There is No Coverage for Count VI of the *Lahr* Lawsuit
### (Intentional Tort)

23.     Cincinnati repeats and realleges paragraphs 1 through 22 above as though fully repeated herein as paragraph 23.

24.     Count VI of the *Lahr* Complaint alleges that Mr. Dwiggins intentionally struck Mr. Lahr.

25.     There is no coverage for Count VI of the *Lahr* Complaint under the Policy for one or more of the following reasons:

        a.     Coverage for any "bodily injury" alleged in Count VI was not accidental and thus was not the result of an "accident," as required for coverage under the Policy;

        b.     Coverage for any "bodily injury" alleged in Count VI is excluded by the Intended Injury Exclusion contained in the Policy;

        c.     Coverage for any "bodily injury" alleged in Count VI is excluded by the Expected Injury Exclusion contained in the Policy; and

        d.     Coverage for any "bodily injury" alleged in Count VI is excluded by the Felony Exclusion contained in the Policy;

26.     As there is no coverage for any of the claims asserted in Count VI of the *Lahr* Lawsuit under the Policy, Shelter has no duty to defend or indemnify Mr. Dwiggins for those claims.

WHEREFORE, the Plaintiff, SHELTER INSURANCE COMPANY, requests a judgment pursuant to 28 U.S.C. § 2201 against Defendants declaring the following, and requests a judgment awarding the following relief:

A.   That Shelter has and had no duty under the Homeowners' Policy to defend, indemnify, or reimburse SANDRA AND JODY DWIGGINS, with respect to the *Lahr* Lawsuit; and

B.   For such other relief allowed in law and equity that the Court deems appropriate and just.

## JURY DEMAND

Shelter demands a trial by jury on all issues so triable.

Dated:   May 9, 2014

SHELTER INSURANCE COMPANY

By: /s/ Lindsay C. Donald
One of Its Attorneys

Lindsay C. Donald (ARDC # 6312685)
LITCHFIELD CAVO LLP
303 West Madison Street, Suite 300
Chicago, IL 60606
(312) 781-6663 (Donald)
(312) 781-6630 Fax
donald@litchfieldcavo.com